IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**KRIS EDWARD BRIDGES II,**

                                      Plaintiff,

v.                                                    No. 22-CV-215-JFH-JAR

**DAVID LOUTHAN, et al.,**

                                      Defendants.

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at a prison facility in Stringtown, Oklahoma.[1] (Dkt. 1). The defendants who are prison officials are David Louthan, Warden; Mike Elkins, Warden's Assistant and Grievance Coordinator; Sgt. Eric Fritcher, Law Library Supervisor; Ms. Lucht, Trust Fund Officer; Ms. Alexander, Mental Health Professional; Cpl. Tinsley; Cpl. Tascher; Sgt. Fixico; Lt. Klepper; Lt. Kendrick; Liz LNU, Bravo North Case Manager; Ms. Kenya, Unit Manager; and Sgt. Canada. Plaintiff also has named four

---

[1] The Court notes that Plaintiff has not stated the name of the facility where each defendant is located, instead stating the defendants are located in Stringtown, Oklahoma. According to the DOC Facilities Website at https://oklahoma.gov/doc/facilities.html, there are no DOC facilities physically located in Stringtown. Mack Alford Correctional Center is located in Atoka, Oklahoma, but it has a mailing address in Stringtown, Oklahoma.

inmates as defendants: Roderick Stephenson, Donnie Robertson, Shabaz Cooper, and KB Brice/Brison. (Dkt. 5-6, 8). Finally, he also has named as a defendant Kristi Lawson of Moore, Oklahoma, whom he describes as a "law abiding citizen." (Dkt. 9).

Plaintiff alleges the defendants have covered up his multiple assaults and denied him protective custody or relief through the interstate compact. He claims his life remains in danger, and the defendants have failed to protect him from attacks. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough

facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Id*. at 555-56.  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed.  *Id*. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ."  *Id*.  A reviewing court need not accept "mere conclusions characterizing pleaded facts."  *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. "[A] cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999). Because other inmates are not persons "acting under color of state law," Plaintiff may not name the inmates as defendants in the amended complaint.

Plaintiff also may not include Kristi Lawson of Moore, Oklahoma, as a defendant, because Plaintiff has not shown that she acted under color of state law. "Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). Ms. Lawson is described as a "law-abiding citizen," which is insufficient to infer that she has acted

under color of state law. *See Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) ("In order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State.") (internal quotation marks and brackets omitted). Thus, Kristi Lawson may not be included as a defendant in the amended complaint.

Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process). As stated in the footnote on page 1 of this Order, Plaintiff must clarify the facility where the defendants are located. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).  The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).  When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  The amended complaint must include all claims and supporting material to be considered by the Court.  *See* Local Civil Rule 9.2(c).  It must be complete in itself,

6

including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It also may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 19th day of August 2022.

_____
JASON A. ROBERTSON
United States Magistrate Judge
Eastern District of Oklahoma