IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KRIS EDWARD BRIDGES, II,

    Plaintiff,

v.

DAVID LOUTHAN, et al.,

    Defendants.

Case No. 22-CV-215-JFH-JAR

## OPINION AND ORDER

Plaintiff Kris Edward Bridges, II, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 10. Defendants Canada, Kendrick, Klepper, Fixico, Tascher, Tinsley, Alexander, Lucht, Fritcher, Louthan, and Liz LNU ("Defendants") have moved to dismiss the action. Dkt. No. 59. Bridges did not submit a response. For the reasons discussed herein, the Court GRANTS Defendants' motion and dismisses the action for failure to comply with a Court order and for failure to exhaust administrative remedies.

## BACKGROUND

In this action, Bridges seeks redress for deprivations he allegedly incurred in 2022 while incarcerated at the Mack Alford Correctional Center. Bridges brings three claims for relief: (1) Defendants failed to protect him or his property from other inmates on March 3, 2022; (2) Bridges was denied showers, privileges, and "usual authorized items whether it be soap, [his] religion, mail access, pens, paperwork, (etc.)" in March and May of 2022; and (3) Bridges was denied due process when Defendants "blocked [him] from filing grievances." Dkt. No. 10 at 10-21.

Defendants seek dismissal on multiple grounds, including that Bridges failed to exhaust administrative remedies on any claim, that the Amended Complaint fails to state a cognizable

claim for relief, and that Defendants are entitled to qualified immunity.[1]  Dkt. No. 59 at 12-24. Defendants additionally note that Bridges disregarded a Court order directing him to correct deficiencies in his original Complaint.  *Id.* at 9-10.

## DISCUSSION

### A. Failure To Comply with a Court Order

Bridges initiated this action on August 2, 2022.  Dkt. No. 1.  On August 19, 2022, Magistrate Judge Jason A. Robertson performed a preliminary screening of Bridges' Complaint pursuant to 28 U.S.C. § 1915A(a).  Dkt. No. 7.  Judge Robertson identified multiple deficiencies, including that Bridges had improperly named five defendants who were not state actors: Defendants Stephenson, Robertson, Cooper, and KB Brice/Brison, whom Bridges described as "incarcerated inmate[s]," and Defendant Lawson, whom Bridges described as a "law abiding citizen" residing in Moore, Oklahoma.  *Id.* at 1-2; *see* Dkt. No. 1 at 5-6, 8-9.

Judge Robertson directed Bridges to submit an amended complaint correcting the deficiencies, specifically advising Bridges that he may not name the inmates or Defendant Lawson as defendants.  Dkt. No. 7 at 4 ("Because other inmates are not persons 'acting under color of state law,' Plaintiff may not name the inmates as defendants in the amended complaint.  Plaintiff also may not include Kristi Lawson of Moore, Oklahoma, as a defendant, because Plaintiff has not shown that she acted under color of state law.").  Judge Robertson advised Bridges that his "[f]ailure to comply with [the] Order will result in dismissal of [the] action without further notice." *Id.* at 7.  Bridges filed his Amended Complaint on August 26, 2022, in which he names the same defendants as those in his original Complaint, including the five defendants disallowed by Judge

---

[1] Because the Court finds dismissal appropriate on other grounds, the Court does not address whether Bridges' allegations state cognizable constitutional claims for relief or whether Defendants are entitled to qualified immunity.

Robertson's August 19, 2022, Order. Dkt. No. 10 at 7-9, 23.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). A district court may enter a Rule 41(b) dismissal "without attention to any particular procedures" when the dismissal is without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). The Court specifically directed Bridges to exclude Defendants Stephenson, Robertson, Cooper, KB Brice/Brison, and Lawson from his Amended Complaint. Bridges failed to comply with this directive, and the Court therefore dismisses this action without prejudice under Rule 41(b).

B. **Failure to Exhaust Administrative Remedies**

As an additional basis for dismissal, the Court finds that Bridges failed to exhaust his administrative remedies prior to initiating his § 1983 action. The Prison Litigation Reform Act (PLRA) prescribes that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). The prisoner must use "all steps that the agency holds out, and [do] so *properly*." *Id.* at 90 (internal quotation marks omitted). Under the PLRA, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks omitted). The PLRA's exhaustion requirement, however, extends only to administrative remedies

that are "available." *See May v. Segovia*, 929 F.3d 1223, 1234 (2019). "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* Further, "the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Oklahoma Department of Corrections' grievance procedure utilized by the Mack Alford Correctional Center requires an inmate initially to attempt informal resolution by communicating with staff regarding the issue. Dkt. No. 57-9 at 8. If the conversation does not resolve the matter, the inmate must submit a written Request to Staff within seven days of the incident. *Id.* at 8-9. If the response to the Request to Staff does not resolve the inmate's complaint, the inmates may, within fifteen days of its receipt, file a formal grievance with the appropriate reviewing authority. *Id.* at 11. Finally, the inmate may appeal the reviewing authority's response to the formal grievance within fifteen days of its receipt. *Id.* at 15. Under the policy, Requests to Staff, formal grievances, and grievance appeals must adhere to certain requirements as to form and substance. *Id.* at 7-17.

Citing the Special Report [Dkt. No. 57], Defendants argue that Bridges submitted multiple grievances and appeals but complied with the grievance process to effect exhaustion only once. Dkt. No. 59 at 14. In that instance, Bridges complained in Grievance No. 22-16 that prison staff discriminated against him on March 3, 2022, that he did not want "to file charges through [the] administration," and that he wanted to "speak with [Internal Affairs]." Dkt. No. 57-14 at 8; *see* Dkt. No. 57-44 at 2. The Reviewing Authority granted relief, responding that Bridges "[had] been able to talk to IA on 3-22-22 about [his] issue." Dkt. No. 57-14 at 7. Bridges appealed the

4

grievance decision to the Administrative Review Authority (ARA). Instead of addressing the reviewing authority's response, Bridges argued in his appeal that he should not have been placed on grievance restrictions. *Id.* at 3-6. The ARA affirmed the reviewing authority's response. *Id.* at 2.

Though Bridges completed the grievance procedure in relation to Grievance No. 22-16, his grievance reflects an effort to circumvent the prison's grievance procedure and instead have the merits of his claims addressed through "Internal Affairs." In doing so, Bridges failed to provide the prison "a fair and full opportunity to adjudicate [his constitutional] claims" on the merits through the prison's prescribed procedure. *See Woodford*, 548 U.S. at 90 (explaining that "proper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits" (internal quotation marks omitted)). The record reflects that Bridges did not perfect exhaustion on any other grievance. Dkt. No. 57-44 (affidavit of Mark Knutson, manager of the ARA at the Department of Corrections Administrative Offices, identifying Grievance No. 22-16 as the sole instance in which Bridges exhausted his administrative remedies). Because Bridges did not exhaust his administrative remedies prior to pursuing this § 1983 action, his claims are barred absent a showing that prison officials rendered administrative remedies unavailable.

Bridges did not attempt to argue or demonstrate that his exhaustion efforts were thwarted by submitting a response to Defendants' Motion or disputing the findings of the Special Report. While Bridges does contest the availability of administrative remedies in his Amended Complaint, the allegations relate to his exhaustion efforts on claims other than those he now raises under § 1983. Under a liberal construction of Bridges' third claim for relief, which is largely unintelligible, Bridges alleges that he was denied due process in violation of the Fourteenth Amendment when

Defendants "blocked [him] from filing grievances" in relation to certain issues. Dkt. No. 10 at 16-19, 21. These issues involved the alleged removal of funds from Bridges' savings account, opening of Bridges' mail, and violation of Bridges' rights under the Health Insurance Portability and Accountability Act (HIPAA). *Id.* at 16. Bridges does not expressly challenge these underlying issues as separate constitutional violations under § 1983. Nor does Bridges tie his generalized and conclusory allegations of thwarted exhaustion efforts to any specific claim he now brings under § 1983. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[Plaintiff's] conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse his failure to exhaust.");[2] *Plater v. Poirot*, No. CIV-21-899-R, 2022 WL 2784474, *8 (W.D. Okla. April 12, 2022) (R. & R.) ("'[W]holly conclusory allegations are insufficient' to establish Plaintiff's efforts to exhaust were thwarted or hindered by prison officials."), *adopted*, 2022 WL 1782603 (W.D. Okla. June 1, 2022).

For these reasons, the Court finds that this action should be dismissed without prejudice for failure to exhaust administrative remedies. *See Thomas*, 609 F.3d at 1118.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Dkt. No. 59] is GRANTED. Bridges' Amended Complaint [Dkt. No. 10] is DISMISSED without prejudice. A separate judgment shall be entered.

Dated this 4th day of August 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[2] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).